In the Matter of the Claim of CHARLOTTE DOYLE, Appellant, against CENTURY CIRCUIT, INC., and ÆTNA LIFE INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board noticed on January 3, 1938, rescinding a previous award of workmen's compensation and death benefits and disallowing the claims. The State Industrial Board disallowed the claims on the ground that written notice of injury was not given to the employer within the time prescribed by section 18 of the Workmen's Compensation Law and that this failure had not been excused. Decedent claimed to have been injured on September 5, 1932. A hernia developed as the result of this injury and the insurance carrier provided medical attention and hospitalization. An operation was performed on December 9, 1932, and on December 20, 1932, decedent died of pulmonary embolus resulting from the operation. A letter dated November 11, 1932, giving the details of the accident was sent by the decedent to his employer and an employer's first report of injury with notice of controversy then filed with the State Industrial Board. The employee's claim for compensation and the claim for death benefits was dated December 4, 1932, and January 9, 1933, respectively. The referee who heard the case in the first instance made an award of death benefits. Upon an appeal to the State Industrial Board the member of the Board who first heard the case affirmed the decision of the referee. An appeal was taken to this court. The Attorney-General thereafter returned the case to the State Industrial Board because neither the referee nor the Board had excused the failure to give written notice and the case was then restored to the calendar for consideration of the question of notice. After further hearings the referee disallowed the claims for disability and death benefits giving the reason that no grounds were shown upon which failure to give notice within thirty days might be excused. Upon the appeal by the claimant the single Board member who had reviewed the case affirmed the referee. Later upon a further review by the entire Board the decision of the single Board member was affirmed by a three to two vote and it is from this last decision disallowing the claim that the appeal is taken. The State Industrial Board made no findings as to whether the employer and carrier had knowledge of the accident or were prejudiced by the failure to give notice. It merely found that such notice had not been given and that such failure had not been excused. This finding did not go to the question as to whether any facts existed upon which the failure might properly have been excused. It is quite significant that the employer's own doctor operated on the deceased and that this operation caused the death. Claimant had not been disabled so that he

was unable to work until he entered the hospital on December 9, 1932, for the operation. Likewise the employer knew of the incident in which the claimant was alleged to have been injured and that he had at that time picked up an elderly woman patron of employer's theatre and carried her down the aisle of the theatre to the stairway. Knowledge of this fact was given to the employer within three days after the accident. Award reversed, with costs to the claimant-appellant against the employer and insurance carrier and matter remitted to the State Industrial Board. Respondents' motion to dismiss this appeal is denied. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.